UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TATYANA SILVA,

Plaintiff,

v.

PANASONIC CORPORATION OF NORTH AMERICA, INC,

Defendant.

Case No 3:23-cv-00556-ART-CLB

ORDER

Plaintiff Tatyana Silva sued Panasonic Corporation of North America, Inc. ("Panasonic") under Title VII of the Civil Rights Act of 1964, after she was terminated from her employment with Panasonic. (ECF No. 1.) Panasonic now moves for case terminating sanctions, arguing that Silva deleted a large volume of electronically stored information, namely text messages. (ECF No. 61.) For the reasons discussed below, the Court denies Panasonic's motion for case terminating sanctions.

**I. BACKGROUND**

Silva was employed by Panasonic from August 2021, through July 19, 2023. (ECF No. 1 at ¶¶ 40, 106.) She filed this lawsuit on November 9, 2023, against Panasonic for sex discrimination, discrimination on the basis of national origin, sexual harassment, and retaliation. (ECF No. 1.) In her complaint, Silva identified seven anonymous co-workers who would support her allegations of discrimination and retaliation. (*Id.* at ¶¶ 9, 55–69, 101–02.) At this juncture, the merits of Silva's claims are still untested, as no party has yet filed a motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment.

Panasonic served its first set of discovery requests on Silva on January 9, 2024, expressly seeking her communications with third parties concerning the

allegations in this litigation. (*See* ECF No. 61-2.) On September 26, 2025, Panasonic deposed Silva, where she testified that she had searched her phone and produced responsive documentation. (*See* ECF No. 61-3.) However, this production consisted of a limited number of text messages involving Employee 2 and Employee 7. (ECF No. 61 at 4.) Panasonic then served additional discovery on December 20, 2024, expressly requesting communications with witnesses identified in the complaint. (ECF No. 61-5 at 6–7.) Silva later served responses, but her supplemental production did not include any communications with witnesses identified in the complaint. (ECF No. 61 at 4.) After additional communications with Panasonic, Silva produced supplemental documents, however, this supplemental production did not include any communications between Silva and the witnesses identified in her complaint about the allegations in the lawsuit. (ECF No. 61-8.) At that time, Silva's counsel indicated that no such documents existed. (*Id.*)

Panasonic then proceeded to conduct third party depositions. (ECF No. 61 at 5.) Two witnesses produced communications with Silva that were responsive to Panasonic's discovery requests that Silva had failed to produce. (ECF No. 61-9.)

As a result, Panasonic pursued forensic collection of electronically stored information ("ESI"). As part of the ESI protocol, Silva submitted a declaration listing two email accounts and two messaging applications; however, the vendor located eleven email accounts and ten messaging applications that contained data since January 1, 2021. (ECF Nos. 61-13; 61-14.)

The ESI collection showed several documents that Silva had failed to produce related to Silva's claims, including LinkedIn messages with various individuals regarding the allegations in her lawsuit. (*See* ECF Nos. 61-1; 61-15.) The forensic report also showed that 40,681 text messages had been deleted in total, and that 3,252 text messages were deleted between June 28, 2024, and

October 8, 2025. (ECF No. 61-14 at 13.) The forensic report indicates that when the ESI deletion analysis occurred, Silva did not have auto-deletion enabled on her cell phone. (*Id.* at 6.) The deleted messages include, among others, messages with Employees 1, 2, 4, and 6 from Silva's complaint. (*Id.* at 7–11.)

On December 21, 2025, Panasonic filed a motion for case ending sanctions, arguing that dismissal was warranted because Silva had willfully deleted a large volume of ESI central to the claims and defenses in this action. (ECF No. 61.) Silva responded (ECF No. 70), and Panasonic replied. (ECF No. 73.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(e) provides courts with circumscribed authority to sanction parties for the spoliation of electronically stored information ("ESI"). *Gregory v. State of Montana*, 118 F.4th 1069, 1079 (9th Cir. 2024). If a covered loss of ESI occurs, Rule 37(e) provides a range of sanctions of varying levels of severity.

A party seeking sanctions under Rule 37(e) has a threshold duty to show that the ESI at issue was lost or destroyed. Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment ("The new rule applies only . . . when [ESI] is lost."). If such a showing has been made, the court must then determine whether "(1) the ESI should have been preserved in the anticipation or conduct of litigation; (2) the ESI is lost because a party failed to take reasonable steps to preserve it; and (3) the ESI cannot be restored or replaced through additional discovery." *Porter v. City & Cnty. of San Francisco*, 2018 WL 4215602, *3 (N.D. Cal. 2018) (cleaned up); *see also* Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment ("The new rule applies only if the lost information should have been preserved in the anticipation or conduct of litigation and the party failed to take reasonable steps to preserve it.").

If each of these questions is answered in the affirmative, the next inquiry under Rule 37(e)(2) is whether the nonmovant "acted with the intent to deprive

another party of the information's use in the litigation." *Porter*, 2018 WL 4215602 at *3. Unlike Rule 37(e)(1), Rule 37(e)(2) "does not include a requirement that the court find prejudice to the party deprived of the information." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. "This is because the finding of intent required by the subdivision can support not only an inference that the lost information was unfavorable to the party that intentionally destroyed it, but also an inference that the opposing party was prejudiced by the loss of information that would have favored its position. Subdivision (e)(2) does not require any further finding of prejudice." *Id.*

If intent to deprive is found, the Court has discretion to impose any of the sanctions authorized in subsections (e)(2)(A)-(C), such as an adverse inference or a terminating sanction. However, "[f]inding an intent to deprive another party of the lost information's use in the litigation does not require a court to adopt any of the measures listed in subdivision (e)(2). The remedy should fit the wrong, and the severe measures authorized by this subdivision should not be used when the information lost was relatively unimportant or lesser measures such as those specified in subdivision (e)(1) would be sufficient to redress the loss." *Id.*

## III. ANALYSIS

Panasonic argues that Silva failed to take reasonable steps to preserve ESI, though she had a duty to preserve the ESI. (ECF No. 61.) Because it contends that she acted with intent to deprive Panasonic of the ESI, they argue that lesser sanctions are insufficient to address the loss, and Silva's misconduct warrants dismissal under Rule 37(e). (*Id.*) In response, Silva argues that she took reasonable steps to preserve relevant ESI, that she acted diligently and in good faith, and that Panasonic is not prejudiced by the missing ESI. (ECF No. 70.) As a result, she contends that dismissal is an extreme measure that is not warranted. (*Id.*) Silva does not dispute that ESI was lost, that she had a duty to preserve the ESI, or that the ESI cannot be replaced through additional discovery,

and a review of the available evidence shows that those inquiries are satisfied. (*See* ECF Nos. 61; 70.)

**A. Reasonable Steps to Preserve**

Panasonic argues that Silva did not take reasonable steps to preserve ESI, as evidenced by the forensic report concluding that Silva manually deleted thousands of messages and messaging applications after her duty to preserve arose. (ECF No. 61 at 14.) Silva responds that she did not intentionally delete text messages, and that ESI was lost when she traveled out of the country and in a manner consistent with her phone being hacked. (ECF No. 70 at 2–3.)

The Court must next determine whether "the ESI is lost because a party failed to take reasonable steps to preserve it." *Porter,* 2018 WL 4215602 at *3 (cleaned up). When evaluating whether a party took reasonable steps to preserve were taken, the Court must consider: (1) a party's "good-faith operation of an electronic information system"; (2) a "party's sophistication with regard to litigation"; (3) "the extent to which a party knew of and protected against such risks"; and (4) whether the information is "destroyed by events outside the party's control." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

Panasonic argues that the clear evidence of the forensic report shows that Silva manually deleted thousands of messages, and messaging applications, well after her duty to preserve ESI arose. (ECF No. 61 at 14.) However, the forensic report only indicates that, *at the time Silva's cell phone data was extracted*, automatic message deletion was not enabled. (ECF No. 61-14 at 6.) This, however, does not show that Silva, herself, manually deleted thousands of text messages, nor does it show that Silva never had automatic message deletion enabled.

Instead, the large deletion of messages and applications is consistent with Silva's explanation for deletion. Silva contends that, as early as December 2024, her devices were behaving strangely, in a manner consistent with being hacked. (ECF No. 70 at 2.) She even filed complaints and inquiries with Apple Support

and the FBI regarding these issues, and a notification from the Equal Employment Opportunity Commission ("EEOC") indicated that her data had been compromised. (ECF No. 70-1 at ¶¶ 9–10.) Additionally, she states that she traveled internationally several times, and during these trips she would change the eSIM of her phone, which often resulted in data being deleted. (*Id.*)

Silva argues, however, that she took screenshots of messages to preserve relevant ESI. (ECF No. 70 at 2.) Given that Silva is an individual litigant who is "less familiar with preservation obligations that others who have considerable experience in litigation," the steps that Silva took were reasonable, even if they were not perfect. *Mork v. Russell*, No. 321CV00077MMDCSD, 2023 WL 7545518, at *5 (D. Nev. Nov. 14, 2023) (quoting Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment).

While the forensic report does show that text messages were deleted, it does not indicate that Silva, herself, manually deleted text messages. Instead, all available evidence indicates that Silva took reasonable steps to protect against deletion risks, but that ESI was destroyed by events outside of her control. Accordingly, the Court finds that Silva took reasonable steps to preserve ESI. Because a finding that failure to take reasonable steps to preserve ESI is required by Rule 37(e), sanctions are inappropriate here.

**B. Intent to Deprive**

Even assuming, in the alternative, that Silva failed to take reasonable steps to preserve ESI, sanctions under Rule 37(e)(2) are only available if she also acted with intent to deprive Panasonic of the information in the ESI. Panasonic argues that circumstantial evidence, namely that Silva deleted responsive communications after discovery began, that the forensic report indicates her messages were not automatically deleted, and that she failed to disclose all relevant messaging applications and email addresses, shows that Silva intentionally deleted ESI to preclude its discovery by Panasonic. (ECF No. 61 at

14–15.) Silva responds that use of her devices in a manner that is usual and customary to her, which resulted in some deletion of information, does not evidence intentional spoliation. (ECF No. 70 at 3.)

As explained above, Federal Rule of Civil Procedure 37(e)(2) requires a finding of intent, that is "willful destruction of evidence with the purpose of avoiding its discovery by an adverse party." *Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 735 (9th Cir. 2024). "Because intent can rarely be shown directly, a district court may consider circumstantial evidence in determining whether a party acted with the intent required for Rule 37(e)(2) sanctions." *Id.* "Relevant considerations include the timing of destruction, affirmative steps taken to delete evidence, and selective preservation." *Id.*

Panasonic contends that deletion of communications during the discovery period, coupled with the forensic report's conclusion that automatic deletion was not enabled, shows that Silva intended to preclude discovery of those communications. (ECF No. 61 at 14–15.) However, as discussed above, the forensic report only indicates that automatic deletion was not enabled on Silva's cell phone at the time the forensic analysis was conducted. (ECF No. 61-14 at 6.) Silva, instead, explains that she had ongoing issues with her devices, including overheating, messages about passwords being compromised, and an email from the EEOC indicating that her data was compromised, which indicate her device may have been hacked. (ECF No. 70-1 at ¶¶ 9–12.) Additionally, she states that when she traveled, and replaced the eSIM in her cell phone, that messages were not received or went missing. (*Id.*)

Panasonic also argues that Silva's intent is evidenced by her failure to disclose all her relevant messaging applications and email addresses in her declaration as part of the ESI protocol. (ECF No. 61 at 15.) Silva responds that this case has been extremely stressful, and that while it is possible that she may have made mistakes when trying to respond to her attorneys, she did not delete

or manipulate anything intentionally. (ECF No. 70-1 at ¶ 4.) Instead, she contends that she disclosed the emails she used for communication, as it did not occur to her to disclose email addresses she only used for a work strategy known as "Inbox Zero by Project." (*Id.* at ¶ 5.) She did not provide several other email addresses to Panasonic because she does not use them for regular communication and would not have used them for any communication related to her claims against Panasonic. (*Id.* at ¶ 6.) Regarding the messaging applications, she contends that her cell phone offloads applications regularly and she did not recall using those applications to discuss her employment. (*Id.* at 7.) Similarly, she states that she did have messages related to her case on LinkedIn, but usually only accesses LinkedIn through a computer, and not on her cell phone. (*Id.*) While Silva's failures to disclose may evidence a careless mistake by a party unfamiliar with litigation, they do not show intent to deprive Panasonic of relevant ESI, even if deletion occurred while discovery is ongoing. In the absence of persuasive evidence that Silva intentionally deleted communications to deprive Panasonic of this evidence, the Court lacks the authority to impose sanctions enumerated in Rule 37(e)(2), including case ending sanctions. *See Nomadix, Inc. v. Guest-Tek Interactive Ent. Ltd.,* No. 216CV08033ABFFMX, 2019 WL 8355729, at *2 (C.D. Cal. Oct. 16, 2019); *Baker v. O'Reilly,* No. C21-361 MJP, 2025 WL 1635253, at *7 (W.D. Wash. June 9, 2025).

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Panasonic's motion for case terminating sanctions (ECF No. 61) is DENIED.

Dated this 12th day of August 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE